UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20393-CIV-ALTONAGA

**MALIBU MEDIA, LLC**,

    Plaintiff,
vs.

**JOHN DOE**, subscriber assigned
IP address 66.176.59.75,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, John Doe's Omnibus Motion to Dismiss Action With Motion to Quash . . . ("Motion") [ECF No. 9], filed May 22, 2014. On June 10, 2014, Plaintiff, Malibu Media, LLC ("Malibu Media") filed a Memorandum in Opposition . . . ("Response") [ECF No. 17]. Defendant filed his Reply . . . ("Reply") [ECF No. 20] on June 27, 2014. The Court has carefully considered the parties' written submissions and any applicable law.

### I. BACKGROUND

This action, one of many copyright infringement suits filed by Malibu Media nationwide, was filed on January 31, 2014. (*See* Complaint . . . ("Complaint") [ECF No. 1]). Malibu Media alleges Defendant, the subscriber assigned IP address 66.176.59.75, has infringed its copyrighted works by downloading and distributing copies of its movies without authorization on the peer-to-peer sharing network BitTorrent. (*See id.* ¶¶ 11, 20, 32–36). In order to identify the subscriber assigned IP address 66.176.59.75, Malibu Media sought, and was granted, leave to serve a third-party subpeona on Comcast Cable. (*See* Motion for Leave to Serve a Third Party Subpoena . . .

[ECF No. 6]; April 7, 2014 Order [ECF No. 8]). Defendant, appearing through his attorney, now moves to dismiss this action and quash the third-party subpoena, or, in the alternative, requests the entry of a protective order. (*See generally* Mot.).

## II. ANALYSIS

### A. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556 (alteration added)). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Defendant argues dismissal is appropriate here because (1) an IP address is insufficient to identify the infringing individual, and (2) Malibu Media's case depends on evidence "which would likely be inadmissible." (Mot. 4–14). In support of his first argument, Defendant relies

on a March 19, 2014 Order in *Malibu Media, LLC v. John Doe*, Case No. 14-cv-20213-UU [ECF No. 10], in which the court dismissed a similar case after finding the location of an IP address was insufficient to identify an infringing individual, holding "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos." (*Id.* 1 (alteration added)).

While the undersigned agrees the IP subscriber is not *necessarily* the infringing individual, Plaintiff's burden at this stage is only to demonstrate plausibility. *See Iqbal*, 556 U.S. at 678–79; *cf.*, *Malibu Media, LLC v. John Does 1–16*, 902 F. Supp. 2d 690, 698 (E.D. Pa. 2012) ("The Court acknowledges, however, that the information provided by the ISPs in response to the subpoenas will not necessarily reveal the identities of the actual infringers, but may, with other discovery, lead to the infringers' identities."). To that end, Malibu Media has alleged a plausible link between the subscriber assigned IP address 66.176.59.75 and the copyright infringement, and any factual disputes are inappropriate at this stage. *See Malibu Media, LLC v. John Does 1–11*, No. 12 Civ. 3810(ER), 2013 WL 3732839, at *3–4 (S.D.N.Y. July 16, 2013) (finding plaintiff adequately pled a plausible claim of copyright infringement); *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2012 WL 6680387, at *3–4 (S.D. Fla. Dec. 21, 2012) (same).

Malibu Media also identifies a compelling reason to permit this action to proceed: this is the only avenue available to Malibu Media to protect its copyrights. (*See* Resp. 7–8). *See also Malibu Media, LLC v. John Does 1–7*, No. 12-1189, 2013 WL 501445, at *2 (C.D. Ill. Feb. 11, 2013) ("Beginning with the account holder is, however, a start, and in the circumstances presented in copyright infringement cases where the infringers' identities are hidden, it is the only possible way to start."). Defendant maintains Malibu Media could — and should — embed

electronic watermarks in its films to pursue "the initial seeder, which is the person who uploads the film to the BitTorrent stream in the first place" rather than "file sharers" like Defendant (Reply 2–4), but such a policy-based argument (1) fails to address how Malibu Media can otherwise pursue file sharers, who are also liable for infringement; and (2) makes a number of assumptions regarding practicability the Court will not adopt.

Defendant's second argument, which attacks the admissibility of Malibu Media's evidence, is premature.  Defendant criticizes Malibu Media's investigative methods, arguing "[b]efore it can determine so matter-of-factly that Defendant Internet accountholder infringed its copyrights, Malibu Media needs to do more investigating." (Reply 6 (alteration added)).  This is not an appropriate argument to make on a motion to dismiss, where the Court must take Malibu Media's factual allegations as true, *see Brooks*, 116 F.3d at 1369, nor is it a ground to dismiss the action entirely, without permitting both parties to take discovery.  Because Defendant has not established grounds for dismissal, Defendant's Motion, to the extent it seeks a dismissal of this action, is denied.

### B. Motion to Quash

Under Federal Rule of Civil Procedure 45, a court must quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3).  Defendant seems to argue the third-party subpoena should be quashed for the same reasons this action should be dismissed; namely, the case is not viable because the IP address at issue does not necessarily identify the infringer and Malibu Media's evidence linking the IP address to the infringements is inadmissible. (*See* Mot. 4).  Defendant asserts the Court should quash the subpoena "to save John Doe the embarrassment and undue burden of having

4

his/her private information released in conjunction with a case that is essentially, a house of cards, subject to imminent collapse." (*Id.*).

While the rhetoric is compelling, Defendant has not established a basis for the Court to quash the third-party subpoena pursuant to Rule 45. As an initial matter, Defendant does not have standing to challenge the third-party subpoena on the ground of undue burden. *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." (citation omitted)); *see also Boy Racer, Inc. v. John Does 1–34*, No. 11-23035, 2012 WL 1535703, at *3 (S.D. Fla. May 1, 2012) (recognizing a party generally lacks standing to challenge a non-party subpoena, but theoretical exception exists when subpoena compels disclosure of privileged matter); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the documents being sought." (footnote call number and citations omitted)).

Even contruing Defendant's challenge as one based on disclosure of privileged information, Defendant has not demonstrated the subpoena "requires disclosure of privileged or other protected matter" as required by Rule 45. FED. R. CIV. P. 45(d)(3). The only protected matter Defendant points to is his identity, and "the privacy or free speech interests of John Doe defendants are minimal in cases of this kind." *Boy Racer, Inc.*, 2012 WL 1535703, at *3 (internal quotation marks and citations omitted). "As courts have routinely held, Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their Internet Service Providers." *AF Holdings, LLC v. Does 1–162*, No.

No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012) (internal quotation marks, alteration, and citations omitted); *see also Arista Records, LLC v. Doe 3*, 604 F. 3d 110, 118 (2d Cir. 2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment." (alteration added)). Because "any minimal privacy and speech interests are outweighed by the Plaintiff's right to identify and litigate against alleged copyright violators," *AF Holdings, LLC*, 2012 WL 488217, at *4 (citations omitted), Defendant has not established the third-party subpoena should be quashed.

### C. Motion for Protective Order

Pursuant to Federal Rule of Civil Procedure 26, a court "may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1) (emphasis added; alteration added). "To establish good cause for a protective order under Federal Rule of Civil Procedure 26(c), the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation marks, alterations, and citations omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Defendant argues the entry of a protective order is warranted "to save John Doe the embarrassment and undue burden of having his/her private information released" in connection with this case. (Mot. 4). Although "mere embarrassment is not sufficient to override the strong public interest in disclosure," *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011) (internal quotation marks, alteration, and citation omitted),

other courts have recognized the concern defendants in these cases, brought into court by virtue of their IP addresses, may be forfeiting valid defenses and succumbing to early settlements to avoid being associated with Plaintiff's films. *See Malibu Media, LLC v. Doe*, Nos. 13-C-536, 13-C-544, 13-C-779, 2013 WL 5276081, at *1–2 (E.D. Wis. Sept. 17, 2013) (noting Malibu Media has been sanctioned for using exhibits to "harass and intimate defendants into early settlement" and allowing defendants to proceed anonymously); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *6–8 (N.D. Ill. Mar. 7, 2013) (allowing defendant to proceed by pseudonym through the filing of dispositive motions).

Therefore, because Plaintiff raises no objection to the entry of a protective order (*see generally* Resp.), Defendant is represented by counsel, to address the privacy concerns of Defendant, and in light of the uncertainty associated with identification through an IP address, the parties shall continue to refer to Defendant as John Doe in all filings of record until further order. Defendant's identity shall be disclosed to Plaintiff and may be disclosed as part of sealed submissions to the Court. The parties may seek modification of the terms of this protective order at any time. *See Malibu Media, LLC*, 902 F. Supp. 2d at 701–02 (granting a protective order on similar terms); *Malibu Media, LLC v. John Does 1–23*, No. 5:12-cv-04442, 2013 WL 1389763, at *3 (E.D. Pa. Apr. 3, 2013) (same); *Malibu Media, LLC v. John Doe*, No. 13-C-0213, 2013 WL 5876192, at *3 (E.D. Wis. Oct. 31, 2013) (same); *Malibu Media, LLC*, 2013 WL 870618, at *6–8 (same).

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 9]** is **GRANTED in part**. Pursuant to the June 3, 2014 Order [ECF No. 11], Plaintiff, Malibu Media shall perfect service

Case No. 14-20393-CIV-ALTONAGA

on Defendant within thirty (30) days of this Order. Failure to comply will result in dismissal without prejudice without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record